**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Joseph P. SULLIVAN, Defendant–Appellant,**

**Jeanne M. Tundis, Kathleen A. Sullivan, Michael J. Sullivan, Defendants.**

**No. 1310, Docket 95–7988.**

United States Court of Appeals, Second Circuit.

Argued June 12, 1996.

Decided Sept. 4, 1996.

Joseph P. Sullivan, Pro Se.

Lawrence Wolff, New York City (Metropolitan Life Insurance Company, Alvin Pasternak, of counsel), for Plaintiff–Appellee.

Before: LUMBARD, ALTIMARI and WALKER, Circuit Judges.

PER CURIAM:

■ Joseph P. Sullivan, *pro se,* appeals from an order of the District Court for the Eastern District of New York (Spatt, *J.*), directing the Metropolitan Life Insurance Company ("MetLife") to pay life insurance benefits to the children of John M. Sullivan (the "Insured"). On appeal, Joseph claims that the district court erred in holding that a Designation of Beneficiary Form designating him as beneficiary of the insurance benefits was invalid under the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. §§ 8701–8716. We affirm.

John M. Sullivan was a United States Postal Service employee. On December 3, 1987, he named his three children, Michael J. Sullivan, Jeanne M. Tundis, and Kathleen A. Sullivan, as beneficiaries of 50%, 25%, and 25%, respectively, of the proceeds of his Federal Employees' Group Life Insurance ("FEGLI") policy. On July 13, 1993, four days before his death, John executed a power of attorney, appointing his brother Joseph as his attorney-in-fact. On July 15, Joseph executed a Designation of Beneficiary Form under the power of attorney, designating himself as the sole beneficiary of John's FEGLI policy. John died two days later, after which Joseph and the Insured's children each executed claims for the FEGLI death benefits, which totalled $216,000.

In September 1994, MetLife filed a complaint for declaratory relief under FEGLIA, naming the four claimants as defendants and seeking a declaration that the Insured's children were the beneficiaries of the benefits. MetLife thereafter moved for summary judgment. Joseph opposed MetLife's motion and cross-moved for summary judgment, and also moved to strike portions of the other litigants' affidavits.

The district court granted MetLife's motion and directed MetLife to pay the proceeds of the insurance policy to the Insured's children in accordance with the December 3, 1987, Designation of Beneficiary Form. *Metropolitan Life Ins. Co. v. Sullivan,* 897 F.Supp. 65 (E.D.N.Y.1995). The district court held that (i) FEGLIA and its attendant regulations do not permit Designation of Beneficiary Forms to be filed on behalf of an employee by a third party who has been granted the power of attorney, *id.* at 70; (ii) insofar as New York law allows for a change of beneficiaries by a third party acting under a power of attorney, New York law contradicts FEGLIA and is preempted, *id.* at 70–71; (iii) the anti-preemption clause of the McCarran–Ferguson Act, 15 U.S.C. § 1012, is inapplicable to this case, *id.* at 71; and (iv) Joseph's attempt to make a change of beneficiaries therefore was invalid, *id.* On appeal, Joseph challenges each of these conclusions, as well as the district court's denial of his motion to strike.

■ We agree with the district court that the July 15 form was invalid because FEGLIA does not permit such forms to be executed by a third party acting under a power of attorney. FEGLIA provides that:

> [t]he amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid ... First, to the beneficiary or beneficiaries *designated by the employee* in a signed and witnessed writing received before death in the employing office or, [in some cases, the OPM]. For this purpose, *a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.*

5 U.S.C. § 8705(a) (emphasis added). The Office of Personnel Management's ("OPM") regulations implementing FEGLIA state that "[a] change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this part, shall not have any force or effect."

5 C.F.R. § 870.902(b). A March 17, 1989 OPM memorandum also explicitly states that designation of beneficiary forms "may not be filed in behalf of an employee or retiree by a third party who has been granted power of attorney to manage the employee or retiree's financial affairs," and a January 25, 1990 OPM Policy Directive and a July 8, 1991 OPM letter are to similar effect. Because the July 15 Designation of Beneficiary Form was executed by Joseph, rather than the Insured, it is invalid. *See Metropolitan Life Ins. Co. v. Manning,* 568 F.2d 922, 926 (2d Cir.1977) ("Congress intended to establish [in § 8705(a) ], for reasons of administrative convenience, an inflexible rule that a beneficiary must be named strictly in accordance with the statute . . . .").

■ This result is not changed by the New York General Obligations Law, which permits an agent acting under a power of attorney "to designate the beneficiary of any . . . contract of insurance." New York Gen. Oblig. Law § 5–1502F(2). To the extent that New York law allows for a change of beneficiaries by third parties, it conflicts with FEGLIA and is preempted. *See Metropolitan Life Ins. Co. v. Christ,* 979 F.2d 575, 578–79 (7th Cir.1992) (holding that "[t]he language, structure, and legislative history of FEGLIA's . . . beneficiary designation requirements" establish a "mandatory federal scheme" that preempts contrary state law); *see also Dean v. Johnson,* 881 F.2d 948, 948 (10th Cir.), *cert. denied,* 493 U.S. 1011, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989); *O'Neal v. Gonzalez,* 839 F.2d 1437, 1440 (11th Cir. 1988). Moreover, FEGLIA contains a statutory preemption clause, which states that

[t]he provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1). Because the Insured's FEGLI policy, in compliance with § 8705(a), requires that any change of beneficiary be signed by the policyholder, under § 8709(d)(1) it explicitly preempts section 5–1502F(2) of the General Obligations Law. *See Christ,* 979 F.2d at 579.

■ Joseph's contention that the anti-preemption provision of the McCarran–Ferguson Act prevents FEGLIA from preempting contrary state law is frivolous. The McCarran–Ferguson Act provides that

[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b). FEGLIA, whose purpose is to "provide low-cost group life insurance to federal employees," H.R.Rep. No. 2579, 83rd Cong., 2d Sess. (1954), *quoted in,* 1954 U.S.C.C.A.N. 3052, clearly "specifically relates to the business of insurance." *See Barnett Bank v. Nelson,* —— U.S. ——, ——, 116 S.Ct. 1103, 1111, 134 L.Ed.2d 237 (1996). As such, the anti-preemption provision of the McCarran–Ferguson Act is wholly inapplicable. We have reviewed Joseph's remaining claims and find them likewise without merit.

Affirmed.