14-1496-cv
Sanford v. TIAA-CREF Indiv. & Inst. Servs., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand fifteen.

PRESENT:  JOHN M. WALKER, JR.,
　　　　　　REENA RAGGI,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　　　*Circuit Judges.*

-------------------------------------------------------------------------

WILLIAM F. SANFORD, individually and as Executor of
the Estate of Gerlinde U. Sanford,
　　　　　　　　　　*Plaintiff-Appellant*,

　　　　　v.　　　　　　　　　　　　　　　　　　　No. 14-1496-cv

TIAA-CREF INDIVIDUAL & INSTITUTIONAL
SERVICES, LLC, GERD SCHNEIDER, GEORGIA
SCHNEIDER,
　　　　　　　　　　*Defendants-Appellees*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:　　　ROBIN L. ROBERTS, Roberts & Associates, Hattiesburg, Mississippi.

APPEARING FOR APPELLEES:　　　W. BRADLEY HUNT, Mackenzie Hughes LLP, Syracuse, New York, *for* TIAA-CREF Individual & Institutional Services, LLC.

　　　　　　　　　　　　　　　　　SUZANNE O. GALBATO (Kate I. Reid, *on the brief*), Bond, Schoeneck & King, PLLC,

1

Syracuse, New York, *for* Gerd Schneider and Georgia Schneider.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2014, is AFFIRMED.

Plaintiff William F. Sanford ("Sanford") appeals from (1) an award of summary judgment in favor of defendant TIAA-CREF Individual & Institutional Services, LLC ("TIAA-CREF") on Sanford's ERISA claims for benefits under his deceased wife's ("Gerlinde Sanford") retirement and annuity plans, see 29 U.S.C. § 1132(a)(1)(B), and (2) the subsequent dismissal of his state-law claims against defendants Gerd and Georgia Schneider, see 28 U.S.C. § 1367(c)(3). Sanford contends that the district court (1) erroneously reviewed TIAA-CREF's denial of benefits for arbitrariness and capriciousness rather than de novo, (2) abused its discretion by refusing to consider evidence outside the administrative record, and (3) erroneously held that TIAA-CREF permissibly denied his claim for benefits. Sanford further argues that if his ERISA claims are reinstated, then his state-law claims should be reinstated as well, but he concedes that if the award of summary judgment is affirmed then the state-law claims were properly dismissed. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Standard of Review

A district court reviews a denial of a benefits claim de novo "unless the benefit plan

2

gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); accord Thurber v. Aetna Life Ins. Co., 712 F.3d 654, 658 (2d Cir. 2013). To qualify, a plan's grant of discretionary authority must be unambiguous. See Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 739 (2d Cir. 2001).

For the reasons set forth below, we conclude that summary judgment in TIAA-CREF's favor would be appropriate even under de novo review. We therefore need not decide whether the district court erred by not applying de novo review in the first instance or whether the plans at issue unambiguously grant discretionary authority to TIAA-CREF.

2. Refusal To Consider Evidence Outside the Administrative Record

We review for abuse of discretion a district court's decision to consider evidence outside the administrative record on de novo review. See Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003).

A district court reviewing a denial of benefits de novo may consider evidence outside the administrative record if it finds "good cause" to do so. Id. (internal quotation marks omitted). Here, the district court held that Sanford had failed to establish good cause because he "never submitted the records [at issue] to TIAA–CREF, despite having possession of them and despite having several months to submit the information prior to TIAA–CREF's decision to pay the sibling beneficiaries." Sanford v. TIAA-CREF Indiv. & Inst. Servs., LLC, No. 12 Civ. 1254 (MAD), 2014 WL 1311827, at *9 (N.D.N.Y. Mar.

3

31, 2014); see also Muller v. First Unum Life Ins. Co., 341 F.3d at 125–26 (identifying no good cause where plaintiff had "ample time to submit additional materials" into administrative record and failed to do so).

Sanford argues this failure should be excused because there is no evidence that TIAA-CREF informed his then-attorney of the need to submit documents into the administrative record. We note that Sanford did not make this argument in his motion to expand the record. See Pl.'s Mot. Expand R., Sanford v. TIAA-CREF Indiv. & Inst. Servs., LLC, No. 12 Civ. 1254 (MAD) (N.D.N.Y. May 14, 2013), Doc. No. 108. Rather, he first raised it in his cross-motion for summary judgment as part of his argument that TIAA-CREF had acted arbitrarily and capriciously by not following proper procedures. See Pl.'s Mem. Supp. Summ. J. at 11–14, Sanford v. TIAA-CREF Indiv. & Inst. Servs., LLC, No. 12 Civ. 1254 (MAD) (N.D.N.Y. Oct. 22, 2013), Doc. No. 122. In any event, even assuming TIAA-CREF was required to inform Sanford's attorney of the need to submit documents, Sanford bears the burden of demonstrating good cause, see DeFelice v. Am. Int'l Life Assur. Co. of N.Y., 112 F.3d 61, 67 (2d Cir. 1997), which burden he cannot meet merely by pointing to a lack of evidence that TIAA-CREF satisfied that requirement. Absent some affirmative evidence of a failure to notify—for example, an affidavit from Sanford's former attorney—the district court did not abuse its discretion by identifying no good cause and refusing to consider evidence outside the administrative record.

4

3.      Affirming Denial of the Claim

Sanford argues that TIAA-CREF's denial of his claim was erroneous for three reasons.

First, Sanford argues that TIAA-CREF should not have accepted the change-of-beneficiaries form reducing his percentage of benefits because Gerlinde Sanford lacked mental capacity at the time she signed the power-of-attorney authorizing the change of beneficiaries. This argument lacks factual support in the administrative record. Under New York law, which both parties agree governs the agency relationships at issue in this case, a third party may rely on a power-of-attorney unless it has "actual knowledge that the principal lacked capacity to execute" the power-of-attorney. N.Y. Gen. Oblig. Law § 5-1504(3). The only evidence in the administrative record relating to Gerlinde Sanford's alleged incapacity was a second-hand statement by Sanford's attorney that, according to a nurse's note, Gerlinde Sanford "had difficulty moving her arm" and "had . . . been confused" before she signed the power-of-attorney. J.A. 653; see also J.A. 405. That statement is insufficient by itself to demonstrate TIAA-CREF's "actual knowledge" of Gerlinde Sanford's incapacity at the time she executed the power-of-attorney. Moreover, although Sanford faults TIAA-CREF's failure to investigate further, the record shows that TIAA-CREF waited over a month after hearing of the nurse's note to allow Sanford to submit documentary support and denied the claim only after none was submitted. See J.A. 567, 569. Accordingly, TIAA-CREF permissibly relied on the power-of-attorney.

5

Second, Sanford argues that the plans at issue require a participant personally to execute any change of beneficiaries and therefore implicitly forbid use of attorneys-in-fact or other agents. Sanford is correct that the plans state that "Participant[s]" may designate beneficiaries and do not mention agents. J.A. 45, 101. This does not, however, support a conclusion that agent use is proscribed. In ERISA cases involving claims under 29 U.S.C. § 1132(a)(1)(b), we interpret plans according to "federal common law," which "is largely informed by state law principles . . . [and] familiar rules of contract interpretation." Lifson v. INA Life Ins. Co. of N.Y., 333 F.3d 349, 352–53 (2d Cir. 2003). Under those principles, a properly authorized agent may act on a principal's behalf to change beneficiaries absent some explicit limitation in the plan. See Restatement (Third) of Agency § 6.01 cmt. b (2006) ("An agent has power to make contracts on behalf of the agent's principal when the agent acts with actual or apparent authority."); see also N.Y. Gen. Oblig. Law § 5-1502L(2) (stating that attorney-in-fact may "change the designation of beneficiaries in effect for any . . . retirement benefit or plan" if so authorized by a "statutory gifts rider"); N.Y. Gen. Oblig. Law § 5-1514(3)(c)(7) (stating that principal may authorize agent to change "beneficiary or beneficiaries of any type of retirement benefit or plan"); J.A. 435 (statutory gifts rider signed by Gerlinde Sanford specifically authorizing agents to change beneficiaries for TIAA-CREF account).

Metropolitan Life Insurance Co. v. Sullivan, 96 F.3d 18 (2d Cir. 1996), is not to the contrary. That case held that a statutory requirement, contained in a statute not applicable here, that beneficiaries be "designated by the employee in a signed and witnessed writing"

6

forbade the use of agents to change beneficiaries and preempted state contract law allowing the use of agents. Id. at 19–20. Here, however, there is no similar restriction on how participants may designate beneficiaries. While in Metropolitan Life Insurance Co., employees had to make their designations by means of "a signed and witnessed writing," the plans in this case are agnostic as to the method of designation used and, therefore, cannot be read implicitly to forbid common (and, in New York, statutorily authorized) means such as designation through an agent. Accordingly, TIAA-CREF permissibly allowed the change in beneficiaries by means of a power-of-attorney.[1]

Third, Sanford argues that the change of beneficiaries was invalid because, although the power-of-attorney required the two attorneys-in-fact to act jointly, only one attorney initialed a modification to the percentage of benefits for the new beneficiaries on the change-of-beneficiaries form. We need not address how this joint-action requirement applied to every document modification. The alleged omission here pertains only to the relative percentages of benefits given to the new beneficiaries, whereas the only change that affects Sanford—the reduction of his percentage of benefits from 100% to 50%—was signed by both attorneys-in-fact and was unaffected by the modification. See J.A. 361–363. Accordingly, the modification initialed by only one attorney-in-fact offers Sanford no support.

---

[1] In light of our conclusion that the change of beneficiaries complied with the terms of the plans, we need not address whether "substantial compliance" would have been sufficient. See Metropolitan Life Ins. Co. v. Johnson, 297 F.3d 558, 567 (7th Cir. 2002); Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 564–65 (4th Cir. 1994).

7

Sanford also argues that TIAA-CREF committed a number of procedural errors that deprived him of the opportunity to submit additional evidence to TIAA and to challenge the change of beneficiary. See Appellant's Br. 29–35. Sanford was aware of the change in beneficiary since at least June 2010, however, and he and his attorney were in discussions with TIAA-CREF about the designation since at least August 2010. TIAA-CREF gave Sanford over a month to challenge the designation and to submit documentary support, which he did not do. Sanford's claim that he was deprived of the opportunity to challenge TIAA-CREF's decisions is therefore meritless. Because TIAA-CREF's alleged procedural deficiencies were at worst harmless error, we need not address the merits of Sanford's procedural arguments.

We have considered plaintiff's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8