Chung Chiu HUANG; Chuang Li-Chun Huang; Hua Huang and Yao Huang, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 94–3187.

United States Court of Appeals, Third Circuit.

Argued Oct. 25, 1994.

Decided Feb. 10, 1995.

---

Frank W. Hunger, Asst. Atty. Gen., Civ. Div., David J. Kline, Richard M. Evans (argued), and Carl H. McIntyre, Jr., U.S. Dept. of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Daniel W. Ernsberger (argued), Behrend & Ernsberger, Pittsburgh, PA, for petitioners.

Before: STAPLETON, HUTCHINSON and GARTH, Circuit Judges.

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

Chung Chiu Huang and his family are citizens of Taiwan. They came to the United States as visitors and remained beyond the authorized period. An Immigration Judge found them deportable. The Huangs' counsel attempted to appeal this decision, but the appeals were dismissed by the Board of Immigration Appeals as untimely. We will grant the Huangs' petitions for review.

### I.

The Immigration Judge issued a document memorializing his decision at the close of the hearing in Pittsburgh, Pennsylvania, on May 4, 1993. The document reflected that it was being issued by the Executive Office for Immigration Review, 536 Clark Street, Chicago, Illinois. The Huangs' counsel prepared notices of appeal and attempted to file them in the local service office of the Immigration and Naturalization Service on Wednesday, May 12, 1993. The clerk date-stamped the notices of appeal, accepted the filing fees, and issued receipts for the fees. The clerk declined to retain the notices of appeal, however, and instructed counsel to file them in the office of the Immigration Judge in Chicago.

Counsel mailed the notices, fee receipts, and certificates of service on opposing counsel to the office of the Immigration Judge by certified mail on May 12, 1993. These documents were received in Chicago on Monday, May 17, 1993.

### II.

Part 3 of the Justice Department's regulations on Aliens and Nationality spells out the jurisdiction of the Board of Immigration Appeals and how one appeals to that Board from a decision of an Immigration Judge. 8 C.F.R. §§ 3.0–.40 (1993). Section 3.1(b) gives the Board appellate jurisdiction over various decisions of Immigration Judges, including deportation decisions. Section 3.3(a) provides in part:

§ 3.3 Notice of appeal

A party affected by a decision who is entitled under this chapter to appeal to the Board shall be given notice of his or her right to appeal. An appeal shall be taken by filing Notice of Appeal Form I–290A in triplicate with the Service office or Office of the Immigration Judge having administrative jurisdiction over the case, within the time specified in the governing sections of this chapter....

Section 3.38 then goes on to provide:

§ 3.38 Appeals.

(a) Decisions of Immigration Judges may be appealed to the Board of Immigration Appeals as authorized by 8 C.F.R. 3.1(b).

(b) The notice of appeal of the decision shall be filed with the Office of the Immigration Judge having administrative control over the Record of Proceeding within ten (10) calendar days after service of the decision. *Time will be 13 days if mailed.* If the final date for filing falls on a Saturday, Sunday, or legal holiday, this appeal time shall be extended to the next business day.

8 C.F.R. § 3.38(a), (b) (emphasis supplied).

Consistent with these regulations, the preprinted form given to the Huangs by the Immigration Judge on May 4, 1993, contained the following instructions:

This decision is final unless an appeal is taken to the Board of Immigration Appeals ·by returning to this office on or before *5–14–93* three copies of Form EOIR–26 Notice of Appeal, properly executed, together

with a fee of one hundred ten dollars ($110.00).

App. 147.[1]

\* \* \* \* \* \*

Filing. This notice of appeal with a Certificate of Service on the opposing party must be filed with the Office of Immigration Judge having administrative control over the Record of Proceeding within 10 calendar days (*or 13 calendar days if mailed*) after service of the decision of the Immigration Judge.

The Notice of Appeal is *not* to be forwarded directly to the Board of Immigration Appeals (BIA).

App. 138 (emphasis supplied).

## III.

The Board of Immigration Appeals, in both its original decision and its decision on reconsideration, acknowledged that the notices of appeal were mailed to the Chicago Office of the Immigration Judge, that the notices were received by that office on May 17, 1993, thirteen days after the decision appealed, and that the controlling regulation is 8 C.F.R. § 3.38(b) (1993). It nevertheless concluded that the notices were untimely.

The decisions of the Board acknowledge no ambiguity in § 3.38(b). They read the sentence we have emphasized in the above quotation to mean that the "time will be 13 days" if *the decision of the Immigration Judge* is mailed, not if *the notice of appeal* is mailed. In its brief before us, however, the Service acknowledges, as we think in fairness it must, that this portion of § 3.38(b) is ambiguous if read alone.

We view § 3.38(b) as at least ambiguous. Moreover, we believe any reasonable lawyer perceiving an ambiguity in that section would regard that ambiguity as being clearly resolved by the Service's own preprinted form instructions regarding the time for filing. The parenthetical "(or 13 calendar days if mailed)" cannot reasonably be read in con-

text as referring to the mailing of the decision rather than the mailing of the notice.

While we might be willing to give some deference to the Board's reading of the Justice Department's regulations were it not for the advice on the preprinted form, we cannot condone its decision in this case. The agency[2] cannot advise participants in its process to read an ambiguous rule one way and, after they have acted, subject them to a more stringent requirement. *Vlaicu v. INS,* 998 F.2d 758, 760 (9th Cir.1993) (finding 8 C.F.R. § 3.38(b) and a related notice misleading and holding that where "a party is 'misled by the court,' an appellate tribunal [has] jurisdiction to hear an otherwise untimely appeal"); *Shamsi v. INS,* 998 F.2d 761 (9th Cir.1993) (same where regulations and notice are misleading as to place for filing notice of appeal from a decision of an Immigration Judge).

We have rejected the Board's suggestion that 8 C.F.R. § 242.21 somehow renders § 3.38(b) unambiguous. That regulation, which is a portion of Part 242 of Title 8, provides in part:

(a) Pursuant to part 3 of this chapter an appeal shall lie from a decision of a special inquiry officer under this part to the Board of Immigration Appeals. An appeal shall be taken within 10 days after the mailing of a written decision, or the stating of an oral decision, or the service of a summary decision on Form I–38 or Form I–39. The reasons for the appeal shall be stated briefly in the Notice of Appeal, Form I–290A; failure to do so may constitute a ground for dismissal of the appeal by the Board. *When service of the decision is made by mail, as authorized by this section,* 3 days shall be added to the period prescribed for the taking of an appeal.

8 C.F.R. § 242.21 (emphasis supplied). While we agree with the Board that the emphasized sentence extends the period for filing a notice of appeal by three days where the Immigration Judge has served the decision by mail, we cannot agree that this clears up the ambiguity in § 3.38(b). The two sec-

---

**1.** Mr. Huang's copy of the document had "5–14–93" inserted in handwriting. The other petitioners' copies contained a blank space where a date could be inserted.

**2.** The Executive Office for Immigration Review is "responsible for the general supervision of the Board of Immigration Appeals...." 8 C.F.R. § 3.0.

tions can be read together to provide two distinct extensions and, in the context of the instructions on the preprinted form, we believe a reasonable practitioner, as well as a reasonable lay person, would so read them.[3]

The petitions for review will be granted, and the Board will be instructed to consider the Huangs' appeals on their merits.

---

**3.** The Service has also argued before us that the Huangs waived the issue we find dispositive by not raising it before the Board. Additionally, the Service has contended that the Immigration Judge's oral advice to the Huangs concerning the filing of an appeal cured any ambiguity. We find neither argument persuasive.