**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

**v.**

**Phyllis BREMER, Shirley Bush, Shirley Guthrie, and Victoria Van Heiden, Defendants.**

**Civil Action No. 96–WY–2344–AB.**

United States District Court, D. Colorado.

March 10, 1997.

Michael S. Beaver, Holland & Hart, LLP, Englewood, CO, for Metropolitan Life Ins. Co.

Robert Hoghaug, Denver, CO, for Phyllis Bremer, Shirley Guthrie and Victoria Van Heiden.

John Robert Riley, Montgomery, Little and McGrew, Englewood, CO, for Shirley Bush.

## ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

ALAN B. JOHNSON, Chief Judge.

The parties' cross Motions for Summary Judgment, and their responses one to the other came before the Court for consideration. The Court, having considered the motions, the responses, the materials submitted by the parties in support of their respective positions, the pleadings of record, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

This is an interpleader action initially brought by Metropolitan Life Insurance Company seeking a declaration regarding entitlement to proceeds of a life insurance policy. Since the complaint was filed, the insurance company has been dismissed as a party to this litigation pursuant to stipulation of the parties, the proceeds of the policy have been deposited with the Court,[1] and certain other issues have been resolved among the parties. The claim of defendant Bush asserting that defendant Bremer exercised undue influence over the decedent also has been dismissed upon stipulation of the parties. The sole issue remaining for disposition concerns entitlement to and disposition of the proceeds of a life insurance policy.

The decedent, Patricia Moore, was an employee of the United States Department of Transportation, Federal Aviation Agency, Denver Flight Service Station ("AFSS"), at 7300 South Peoria Street in Englewood, Colorado. Ms. Moore died on June 21, 1995 of terminal small cell lung cancer. Prior to her death, she had been released from a hospice to her home, so that she could make certain personal arrangements. Part of her preparations involved designating beneficiaries to her life insurance policy, provided by her employer through the Federal Employees Group Life Insurance Program ("FEGLI"), obtained through Metropolitan Life Insurance Company.

Ms. Moore had no immediate family. On June 2, 1995 Ms. Moore changed the beneficiary of her life insurance policy so as to provide that Shirley Bush, a friend, was the sole beneficiary of the policy proceeds. On June 20, 1995, however, a second designation of beneficiary form was executed by Ms. Moore, naming four friends, Phyllis Bremer, Shirley Guthrie, Victoria Van Heiden and Shirley Bush, as co-beneficiaries, with each to receive 25% of the proceeds of the policy. The second change of beneficiary document was signed by Ms. Moore, and was witnessed by two people, including Teala Sparks and another employee from the FAA. Ms. Sparks was the administrative officer for the FAA Denver field facility in which Ms. Moore was employed. One of the responsibilities of Ms. Sparks was to provide employees in that facility information on their employee benefits, including information on FEGLI. The regional FAA office for the Denver Automated Flight Service Station in Englewood is located in Renton, Washington. After the

---

1. As of December 3, 1996, MetLife had submitted to the Court for deposit a check in the amount of $56,239.69, which included the insurance proceeds in the amount of $52,000, plus interest on those proceeds from the date of death to date of payment.

forms were completed, Ms. Sparks took the form back with her to the office in Englewood at the AFSS. The materials before the Court indicate that the change of beneficiary form was faxed to the regional office in Renton, Washington on June 21, 1995. The original of this designation of beneficiary form was received in the Renton, Washington office on June 23, 1995, after Ms. Moore had died.

The materials before the Court indicate that MetLife initially determined that the second June 20, 1995 designation of beneficiary form was not valid as it had not been received by Ms. Moore's employing office prior to her death. This information is reflected in an October 27, 1995 letter to Ms. Bush denying her claim for benefits. Exhibit 4, Bush Motion for Summary Judgment. That letter also indicates that the earlier June 2, 1995 designation of beneficiary form had been received on June 19, 1995, indicating that Bush had been designated to receive the entire proceeds of Moore's life insurance.

However, after receiving claims from the other beneficiaries, MetLife then reconsidered its position and determined instead that the second June 20, 1995 designation was valid and had been received by the "employing office" prior to Ms. Moore's death. Exhibit 5, Bush Motion for Summary Judgment. In that letter, the FEGLI–MetLife representative determined that the second June 20, 1995 designation of beneficiary form had been properly receipted prior to the insured's death and was valid. This determination was made by reviewing 5 U.S.C. §§ 8701–8716, the statutes governing FEGLI, the applicable regulations, as well as case law and the circumstances of the case. The issue discussed in that letter was whether or not the Denver AFSS could be considered Moore's "employing office" for purposes of satisfying the FEGLI statutes. The letter cites to *Fair v. Moore,* 397 A.2d 976 (D.C.Ct. App.1979), in which the court held that the term "employing office" encompassed the personnel office of the agency by which the insured was employed. *Id.* at 977. The letter continues by quoting from the case in which that court stated that a narrow definition of "employing office" was to be avoided because:

> 1) the statute if so construed would be in undue derogation of an insured's common-law and statutory right to designate freely an insurance beneficiary and

> 2) the purpose of the procedural restrictions of § 8705(a), as amended, is to avoid the administrative difficulties and delay in disbursing benefits resulting from conflicting claims, under the group program, arising out of private, designating documents not in official possession at the time of death.

*Id.* at 978. It continued by discussing the legislative history of § 8705(a), to mean that:

> Congress sought merely to require official receipt of a designation and not to further limit the right of an insured to name a beneficiary of his life insurance policy ... [not to impose] a requirement that administrative processing to a central office must win a race with death ... This holding preserves the greatest freedom to name a beneficiary consistent with the need for *inter vivos* official documentation of that choice.

*Id.* at 978.

### Standard of Review

Pursuant to Fed.R.Civ.P. 56(c) summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The moving party's burden may be met by identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether these burdens have been met, the court is required to examine all evidence in the light most favorable to the non-moving party. *Barber v.*

*General Electric Co.,* 648 F.2d 1272 (10th Cir.1981).

Once the moving party has met its initial burden, the burden shifts to the party resisting the motion. That party must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Manders v. Oklahoma ex rel. Dept. of Mental Health,* 875 F.2d 263, 265 (10th Cir.1989), citing *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54.

### Discussion

■ Defendant Bush has urged this Court to find that the meaning of "employing office" as set forth in the applicable regulations means, in this case, the FAA Regional Office in Renton, Washington and that delivery to the agency at the AFSS in Englewood is not sufficient to cause the second June 20, 1995 designation of beneficiary form to be valid. Defendant Bremer argues that delivery to Ms. Sparks, who was responsible for such personnel matters at the AFSS office in Englewood, is sufficient to constitute delivery to the agency within the meaning of the applicable statutes and regulations.

This Court agrees with the position asserted by defendant Bremer and finds that delivery of the second June 20, 1995 designation of beneficiary form to Ms. Sparks was sufficient to permit a finding of receipt by the "employing office" in this case.

The designation of beneficiary form provides in part:

### Regulations

(a) The Designation of Beneficiary shall be in writing, signed and witnessed by two people, and received in the employing office (or in the Office of Personnel Management, in the case of (1) a retired employee or (2) an employee whose insurance is continued while receiving benefits under the Federal Employees' Compensation Law because of disease or injury and who is held by the Department of Labor to be unable to return to duty) prior to the death of the designator.

(b) A change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as re-

quired by these regulations, shall not have any force or effect.

(c) A witness to a Designation of Beneficiary is ineligible to receive payment as a beneficiary.

(d) Any person, firm, corporation or legal entity (except an agency of the Federal or District of Columbia Governments) may be named as beneficiary.

(e) A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary, and this right cannot be waived or restricted.

(f) A Designation of Beneficiary is automatically canceled 31 days after the employee stops being insured.

\*    \*    \*    \*    \*    \*

### Where to File Completed Form

If insured as an employee, file the form with the agency in which employed. If insured as a retired employee or while receiving Federal employees' compensation, file the form with the Office of Personnel Management, Employee Service and Records Center, Validation Section, Boyers, PA 16017. If an application for retirement or compensation is pending, file the form with the agency in which employed if still an insured employee, or with the Office of Personnel Management if no longer an insured employee. This duplicate will be noted and returned as evidence that the original has been received and filed. It is suggested that the duplicate be kept with the SF 2817A (SF 2817B for Postal Employees), the *Federal Employees' Group Life Insurance Program Description* and *Certification of Enrollment.*

5 U.S.C. § 8705, entitled "Death claims; order of precedence; escheat," provides in part:

(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or person surviving at the death of his death, in the following order of precedence:

First, to the beneficiary or beneficiaries designated by the employee in a

signed and witnessed writing received before death in the employing office[.] ... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

The Code of Federal Regulations continues this theme, by stating, at 5 C.F.R. § 870.902, entitled "Designation of Beneficiary":

(a) A designation of beneficiary shall be in writing, signed, and witnessed by two people, and received in the employing office (or in OPM, in the case of: (1) An annuitant or (2) a compensationer whose basic life insurance is continued) before the death of the insured.

(b) A change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this part, shall not have any force or effect.

\*    \*    \*    \*    \*    \*

5 C.F.R. § 870.104, effective February 27, 1995, sets out definitions that govern, including the following:

*Employing office* means the office of the agency or retirement system to which jurisdiction and responsibility for life insurance have been delegated.

\*    \*    \*    \*    \*    \*

Bush has objected to the position taken by the FAA that Ms. Sparks was an "extension" of the employing office actually located at the Regional Benefits Office in Renton, Washington. She argues that the statutes governing FEGLI, and the concomitant requirements for changing a beneficiary, are to be strictly construed. She argues Congress intended to establish an inflexible rule that a beneficiary be named strictly in accordance with the statute, regardless of the equities in any particular case. She also argues that the intent of the decedent is of little consequence if those statutory requirements are not met.

This Court disagrees. It is clear that the scheme outlined in the statutes and regulations governing FEGLI set out in part above reflects legislative intention to assure that a beneficiary be designated in a writing, signed and witnessed by two people and received in the employing office before the death of the insured. Those requirements were met in this case. There was nothing more that Ms. Moore could have done. She executed the appropriate standard form provided by her employer, brought in person to her by her employer's representative, Ms. Sparks, and designated her beneficiaries in a writing which was properly witnessed by two persons. Ms. Sparks then received possession and control of the designation of beneficiary form and took steps to see that it was properly processed within the agency. Ms. Sparks faxed the form on the day of Ms. Moore's death to the headquarters in Washington, and followed that transmission with the mailing of the hard, original copy to the same office, which was not received until two days after Ms. Moore's death.

■ To find that it is actual receipt of the hard copy in the FAA Regional Benefits Office in Renton, Washington that effects a change in beneficiary imposes unwarranted restrictions upon an insured's right to change beneficiaries and does not further the purposes of the federal regulatory scheme designed to avoid administrative difficulties and delay in disbursing benefits resulting from conflicting claims arising out of private designating documents not in official possession at the time of death. *Fair v. Moore,* 397 A.2d at 978. While *Fair v. Moore* is a decision that pre-dates the implementation of the regulations codified in 1995 and set out above, the Court does not find its interpretation to be inconsistent with governing law and also believes it provides useful guidance in this type of case. As stated in Exhibit C, attached to the Bremer Motion for Summary Judgment, it is a routine practice to first submit benefits forms to facility personnel representatives or administrative offices, before sending such documents to the Human Resources Division for the agency. Once a representative of the employer has the document, there is little the insured employee can do to control processing of the paperwork within the agency itself.

The Court finds that the agency's determination that Ms. Sparks of the AFSS in Englewood, Colorado was an "extension" of the Regional Benefits Office for the FAA in Ren-

ton, Washington is reasonable and should be upheld. The cases cited by defendant Bush provide only peripheral support for her position, as they most generally involve disputes as to identity of beneficiaries, or the use of documents other than the standard FEGLI Change of Beneficiary Form in an attempt to effect a change in beneficiaries.

These facts are unlike those in the instant case. Here, Ms. Moore complied with the requirements of the statute. She executed the proper form designating beneficiaries, in writing, before two witnesses, and gave that executed document to the representative of her employing office. She could have done no more. Thus, the Court finds that the second June 20, 1995 Change of Beneficiary Form is effective and valid, and that the defendants, Phyllis Bremer, Shirley Bush, Shirley Guthrie, and Victoria Van Heiden, all friends of the decedent, are each entitled to an equal 25% share of the proceeds of the FEGLI life insurance policy for Ms. Moore. Accordingly, and for the foregoing reasons, it is therefore

**ORDERED** that the Motion for Summary Judgment filed by defendant Shirley Bush shall be, and is, **DENIED.** It is further

**ORDERED** that the Motion for Summary Judgment filed by defendants Phyllis Bremer, Shirley Guthrie and Victoria Van Heiden shall be, and is, **GRANTED.**