**Sharon O'NEAL, Plaintiff–Appellant,**

v.

**Constance GONZALEZ, Defendant–Appellee.**

No. 87–5188.

United States Court of Appeals, Eleventh Circuit.

March 14, 1988.

---

John G. Admire, Coral Gables, Fla., for plaintiff-appellant.

Herbert A. Warren, Miami, Fla., for defendant-appellee.

Before RONEY, Chief Judge,
HATCHETT, Circuit Judge, and
HODGES *, Chief District Judge.

RONEY, Chief Judge:

The result in this case appears harsh. A federal employee had agreed to name plaintiff as the beneficiary of his federal life insurance in exchange for sufficient consideration. Under the faithful application of the law by the district court, however, she was prevented from asserting a claim against the insurance company or a claim against proceeds of the policy in the hands of the named beneficiary. *O'Neal v. Gonzalez*, 653 F.Supp. 719 (S.D.Fla.1987). We affirm. An insured's designation of beneficiary under the Federal Employees' Group Life Insurance Act (FEGLIA) prevails for all purposes, and a contractual agreement to do otherwise, entered into by the deceased with another party, cannot modify that designation. 5 U.S.C.A. § 8701, *et seq.*

The facts assumed to be true for summary judgment purposes present an appealing case for plaintiff Sharon O'Neal. She and Daniel Bazo, the insured deceased, were close friends for fourteen years and lived together for the last eight years prior to Bazo's death. They purchased a home in Miami, Florida as joint tenants with right of survivorship. Both were employed by the federal government and insured by Metropolitan Life Insurance Company under a policy provided through FEGLIA. To ensure that upon the death of one, the other could continue to pay the mortgage on their house, they agreed to designate each other as beneficiaries of their respective FEGLIA policies in an amount in excess of the unpaid balance of the mortgage.

In 1981, O'Neal designated Bazo as beneficiary of all of her standard and additional life insurance coverage. Such a designation remained unchanged until his death.

In 1981, Bazo designated O'Neal as beneficiary of 75% of his additional life insurance coverage. Four years later, however, without informing O'Neal, Bazo executed another form reducing O'Neal's share to 10% and designating the defendant Constance Gonzalez, his aunt, as beneficiary of all of his standard life insurance and 90% of his additional coverage, leaving to plaintiff O'Neal only 10% of the additional insurance.

Both O'Neal and Gonzalez applied to receive Bazo's insurance proceeds upon his death. O'Neal instituted an action in the

---

* Honorable William Terrell Hodges, Chief U.S. District Judge for the Middle District of Florida, sitting by designation.

Florida Circuit Court for Dade County seeking to impose a constructive trust upon 75% of the proceeds. The insurance carrier, Metropolitan Life Insurance Co., was joined as a party defendant. The case was removed to federal court on the petition by Gonzalez. With the consent of all parties, the insurer paid out that portion of the money not subject to dispute and deposited the remainder into the registry of the court pending further court order.

On cross-motions for summary judgment, the court granted summary judgment in favor of Gonzalez. In response to a motion for clarification, the court held that O'Neal could not maintain an action for breach of contract.

O'Neal raises two issues on appeal: (1) whether an insured's change of designated beneficiary under a FEGLIA policy is valid when it violates a contractual agreement made by the insured to provide payment of the policy in another manner; and (2) whether a constructive trust benefitting a non-designated person may be imposed upon proceeds of the FEGLIA policy once payment has been made to the designated beneficiary. For the purpose of summary judgment, the district court properly assumed the existence of a contract between O'Neal and Bazo and that Bazo had breached that agreement.

The federal statute establishing the FEGLIA insurance program provides that the insurance shall be paid to the beneficiary designated by the employee in a signed and witnessed writing received before death in the employing office and that

> for this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.

5 U.S.C.A. § 8705(a).

The Office of Personnel Management promulgated regulations necessary to carry out the purposes of the act. Regulation 870.901 provides, in part, that

> (e) A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted.

5 C.F.R. § 870.901 (1986).

O'Neal contends that the Act and regulations merely set forth a procedure for disbursing the proceeds while conferring no substantive right of payment upon the designated beneficiary. To view the provisions in any other way, O'Neal argues, would imply that Congress intended to allow a federal employee to use what is meant to be a federal rule of procedure to intentionally disregard a contractual obligation made to a previously designated beneficiary.

The federal courts have consistently held that the statute and regulations compel a decision contrary to plaintiff's position. *See Huff v. Metropolitan Life Ins. Co.,* 675 F.2d 119 (6th Cir.1982); *Metropolitan Life Ins. Co. v. Manning,* 568 F.2d 922 (2d Cir.1977). In reaching its determination, the district court relied on two decisions from other districts.

In *Metropolitan Life Insurance Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983), federal employee Ellis McShan, insured under FEGLIA, named his four children as beneficiaries. In a judgment entered in a marriage dissolution action, McShan was ordered to maintain all of his children as beneficiaries of his life insurance policy. Subsequently, McShan executed a second designation of beneficiary form, naming his second wife, Esther, as sole beneficiary. The children contended that the proceeds should be held in a constructive trust because the state court order was violated. The court in a comprehensive, well-reasoned decision, held that the substantive rights granted under FEGLIA and the regulations prevailed over and preempted state law to the contrary.

The other federal case which considered conflicting claims between state law and rights under FEGLIA is *Knowles v. Metropolitan Life Insurance Co.,* 514 F.Supp. 515 (N.D.Ga.1981). In that case, Helen Elizabeth Knowles sought to recover the proceeds of a FEGLIA policy on the life of her ex-husband, Arthur Bona Knowles. She based her claim on a divorce decree

and settlement agreement which provided that she would remain her ex-husband's beneficiary under the insurance policies provided by the United States Postal Service. Four days after entry of the decree, Arthur changed the beneficiary to Mary Knowles, his present widow. Helen asserted that the provisions of the property settlement agreement not to change the beneficiary foreclosed the insured's right to do so even though the policy by its terms gave him this right. The court rejected this argument, quoting 5 C.F.R. § 870.901(e), and emphasized the language that "this right cannot be waived or restricted." The court stated that the regulation had the force and effect of law and "[t]he marriage settlement agreement thus cannot operate as a waiver or restriction of the insured's right to change this beneficiary...."

O'Neal does not attempt to distinguish these cases, but rather points out the inequity of the results in *McShan* and *Knowles* as well as the inequity to O'Neal should this appeal be decided against her.

While the result may be harsh, the language and intent of the statute are clear. The statute was amended after the Ninth Circuit's decision in *Sears v. Austin,* 292 F.2d 690 (9th Cir.), *cert. denied,* 368 U.S. 929, 82 S.Ct. 365, 7 L.Ed.2d 192 (1961), which held that a valid holographic will was effective to designate a beneficiary under a FEGLIA policy issued to one who had not previously designated a beneficiary. The Senate Report on the Amendment listed two reasons for the change: (1) administrative convenience; and (2) avoidance of serious delay in paying insurance benefits to survivors. The Report also noted that the Amendment was intended to "clarify Congress' intent [and] to state clearly that the order of precedence set out in that section shall prevail over any extraneous document designating a beneficiary...." S.Rep. No. 1064, 89th Cong.2d Sess. *reprinted in* 1966 U.S.Code Cong. & Admin.News 2070, 2071. This language indicates that Congress intended to establish, for reasons of administrative convenience and for the benefit of designated beneficiaries, an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case.

In addition to equitable considerations, O'Neal's analysis is grounded upon general principles of insurance and contract law: the nature of an insurance policy as a contract granting specific, severable property rights to its owner, and the rights and interest of a beneficiary prior to and upon the death of an insured. As the court noted in *Knowles,* however, "the insurance policy in question is not a private contract between the insured and the insurer, but a federal policy administered under federal law." *Knowles,* 514 F.Supp. at 516. As such,

> It must be assumed that the federal provisions regarding designation of beneficiaries were intended to confer on the insured more than the right to do a meaningless act. If the proceeds are to go to someone other than the designated beneficiary the act of so designating serves no purpose.

*McShan,* 577 F.Supp. at 168.

The district court's further decision that federal law preempts state causes of action which would make the federal act meaningless, so that no constructive trust could be imposed on the proceeds in a breach of contract action, is a necessary consequence of the Congressional intent.

We need not here decide whether there could possibly be a state law contract action against the estate, unrelated to the insurance proceeds, because that issue has not been argued on this appeal.

AFFIRMED.