881 F.2d 948
 Mary Ann DEAN, Plaintiff/Counter-Defendant/Appellant,
v.
Denise E. JOHNSON, Douglas C. Dean, Maurice Dean, Edna Dean,
United Services Automobile Association, and United
States of America,
Defendants/Counter-Claimants/Appellees.
 No. 87-2787.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 9, 1989.
 
 Joseph William Reichert, Albuquerque, N.M., for plaintiff/counter-defendant/appellant.
 G. Richard Mantlo, Albuquerque, N.M., for defendants/counter-claimants/appellees.
 Before MOORE, ANDERSON, and BRORBY, Circuit Judges.
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 The single issue in this appeal is whether an insured's change of designated beneficiary under a Federal Employees' Group Life Insurance Policy (FEGLI) takes precedence over a state court order prohibiting a change of designated beneficiary. We affirm the district court's finding federal law controls this issue.
 
 
 2
 Mary Ann Dean instituted this action for a declaratory judgment that she is entitled to the proceeds of her deceased husband's FEGLI policy although he had filed a change of designated beneficiary with his employer prior to his death. To support her position, Ms. Dean cited a prior interlocutory order issued by a domestic relations judge in her state divorce action which, she claimed, nullified the filed change of beneficiary form. The order prohibited the parties from changing the names of any beneficiaries under any of the couple's insurance policies and ordered them to undo any changes made since their separation. While the order remained in effect, Chester Dean changed the designated beneficiary of the policy.
 
 
 3
 The following year, Mr. Dean died in an automobile accident. Ms. Dean claimed the proceeds of the FEGLI policy, contending the Federal Employees' Group Life Insurance Act, 5 U.S.C. Secs. 8701-8716, (FEGLIA) does not preempt valid state court orders in divorce proceedings. Alternatively, since the premiums had been paid out of community property, she maintained she should be entitled to the proceeds.
 
 
 4
 We agree with the district court that FEGLIA and its accompanying regulations establish a preemptive scheme for group life insurance policies for federal employees. This case is similar to one recently decided in the Eleventh Circuit. In O'Neal v. Gonzalez, 839 F.2d 1437 (11th Cir.1988), two insured federal employees agreed to name each other as beneficiary of their respective FEGLI policies as a means of ensuring that the mortgage to their jointly owned house would continue to be paid. Subsequently, without informing the other, one of the parties changed the designated beneficiary naming an aunt notwithstanding their contract. Upon the death of the insured, decedent's aunt and plaintiff claimed the proceeds. Despite the harshness of the result, the Eleventh Circuit found Sec. 8705(a)[1] and corresponding regulation, 5 C.F.R. 870.901 (1986)[2], precluded Ms. O'Neal's claiming all of the proceeds. Citing Metropolitan Life Ins. Co. v. McShan, 577 F.Supp. 165 (N.D.Cal.1983), and Knowles v. Metropolitan Life Ins. Co., 514 F.Supp. 515 (N.D.Ga.1981), the Eleventh Circuit concluded the language and intent of FEGLIA are clear. "This language indicates that Congress intended to establish, for reasons of administrative convenience and for the benefit of designated beneficiaries, an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case." 839 F.2d at 1440.[3]
 
 
 5
 No facts or circumstances distinguish this case from the cited precedent despite Ms. Dean's arguments to the contrary. The state domestic relations court order ostensibly restricts the federal insured's right to designate a beneficiary and thus cannot be valid under FEGLIA.[4] No other circumstances of payment can override this principle. We therefore AFFIRM the order of the district court granting summary judgment in favor of decedent's parents and children.
 
 
 
 [1]
 Section 8705(a) states in part:
 The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death.... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect.
 
 
 [2]
 Section 870.901 states in part:
 (a) A designation of beneficiary shall be in writing, signed, and witnessed, and received in the employing office....
 ....
 (e) A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted.
 
 
 [3]
 The court also cited S.Rep. No. 1064, 89th Cong., 2d Sess. 2, reprinted in 1966 U.S.Code Cong. & Admin.News 2070, 2071
 
 
 [4]
 We do not imply, however, Mr. Dean could not have been subjected to the contempt powers of the domestic court during his lifetime. That court's power to alter federal law is the only question we decide in this case