911 F.2d 723
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
My McDANIEL, Plaintiff-Appellant,
v.
Karima S. McDANIEL, Estate of Morris M. McDaniel,
Defendants-Appellees.
 No. 89-1822.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1990.
Decided July 31, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, District Judge. (CA-89-920-A).
 Philip W. Jaeger, Christopher A. Teras, Jaeger & Teras, Washington, D.C., for appellant.
 Yvonne F. Weight, Alexandria, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Morris McDaniel divorced My McDaniel on December 12, 1984. The Virginia Circuit Court divorce decree provided that "until such time as the wife dies or remarries, and so long as it remains available to him through his employment, the husband shall continue to maintain the wife as beneficiary on his group life insurance policy now in effect in the amount of $50,000." Six days after entry of the decree, Morris remarried. Upon his remarriage, Morris designated his new wife, Karima, as the beneficiary of his life insurance policy. Morris has died and the proceeds of the policy have been paid to Karima, the second wife.
 
 
 2
 Because she believed she was entitled to the proceeds secured by the divorce decree, My brought suit against Karima and Morris' estate. The suit charged Karima with conversion and alleged that she was unjustly enriched by her receipt of the proceeds. It also charged Morris with breach of contract and fraud. The district court found for Karima and the estate.
 
 
 3
 The district court relied upon the fact that Morris was an employee of the United States Agency for International Development and, therefore, held life insurance under the Federal Employees' Group Life Insurance Act of 1954. 5 U.S.C. Secs. 8701-16 ("FEGLIA"). Under FEGLIA, a covered federal employee has the power to designate the beneficiary of his policy. 5 U.S.C. Sec. 8705(a). The district court reasoned that, under principles of preemption, Morris' exercise of his federal law right to designate a beneficiary must preempt My's state law rights under the divorce decree. On that basis, the court held for Karima and the estate on the conversion count. The court then dismissed the other counts without prejudice for lack of subject matter jurisdiction.
 
 
 4
 Several courts addressing the issue presented have held that, under general preemption principles, a federal employee insured under FEGLIA may designate any beneficiary he chooses, irrespective of any other state law obligations that otherwise bind the insured. See Dean v. Johnson, 881 F.2d 948 (10th Cir.) (insured's designation under FEGLIA enforced despite contravention of state divorce court order), cert. denied, 110 S.Ct. 574 (1989); O'Neal v. Gonzalez, 839 F.2d 1437 (11th Cir.1988) (insured's designation under FEGLIA enforced despite contravention of contract otherwise enforceable under state law); Metropolitan Life Ins. Co. v. McShan, 577 F.Supp. 165 (N.D.Cal.1983) (insured's designation under FEGLIA enforced despite contravention of state court marriage dissolution judgment); Knowles v. Metropolitan Life Ins. Co., 514 F.Supp. 515 (N.D.Ga.1981) (same); cf. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119 (6th Cir.1982) (where insured failed to designate beneficiary, statutorily designated successor under FEGLIA entitled to proceeds despite evidence that insured intended proceeds to go elsewhere).
 
 
 5
 These holdings are consistent with Ridgway v. Ridgway, 454 U.S. 46 (1981), in which the Supreme Court interpreted the similar federal employee insurance program established under the Servicemen's Group Life Insurance Act of 1965. In Ridgway, a United States Army Sergeant had designated that his life insurance proceeds be paid as specified by law, despite a state court divorce decree obligating him to maintain life insurance for the benefit of his children. The Supreme Court held that federal law preempted the state court decree and applied the federal statutory prescriptions for distribution of the proceeds despite the conflict with the divorce decree obligations. See 454 U.S. at 63.
 
 
 6
 My relies upon Rollins v. Metropolitan Life Ins. Co., 863 F.2d 1346 (7th Cir.1988). There, a husband insured under FEGLIA had not designated a beneficiary at the time of his death despite a state court divorce decree ordering him to maintain the children from his first marriage as beneficiaries. Distinguishing Ridgway, the Seventh Circuit held that if state law constructive trust doctrine created a right in the children to the money, that doctrine would take precedence over FEGLIA's statutory prescriptions for distribution where a beneficiary is not designated. See id. at 1356. However, the Rollins court recognized that a different case would have been presented if, as here, the insured had actually designated a beneficiary. See id. at 1353. As the Rollins court noted, such a designation would have activated 5 C.F.R. Sec. 870.902, governing designation of beneficiaries, which provides that "a change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary, and this right cannot be waived or restricted. " (Emphasis added.) Thus, because Morris did designate a beneficiary, Rollins is distinguishable and does not overcome the precedential effect of the applicable decisions.
 
 
 7
 Like other courts, we recognize that our result may seem unfair. See Ridgway, 454 U.S. at 62 (describing result as "unpalatable"); Dean, 881 F.2d at 949 (describing result as "harsh"); O'Neal, 839 F.2d at 1440 (same). However, as the Supreme Court noted in Ridgway, "a result of this kind, of course, may be avoided if Congress chooses to avoid it. It is within Congress' power." 454 U.S. at 63. Until such time as Congress does decide to amend FEGLIA, the principle of preemption requires that designations under FEGLIA be enforced irrespective of state law obligations.
 
 
 8
 My also claims that the district court should have exercised pendent jurisdiction over the remaining claims after it ruled for the defendants on the conversion counts. However, it is well established that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). As the Third Circuit has noted, "on review, our role is not to determine how we would have exercised the 'broad discretionary powers to decline pendent jurisdiction,' had we been sitting as district judges. We only determine whether the district court misused that broad power." Sparks v. Hershey, 661 F.2d 30, 33 (3d Cir.1981) (citation omitted). Nothing in the record suggests there has been any such misuse of power.
 
 
 9
 We note that a statute of limitations bar has not been claimed to exist. Among those state claims may be the assertion that while Karima, through the supremacy of federal law, is entitled to the life insurance proceeds, all other assets of Morris' estate may be deemed available, under Virginia law, to meet the decedent's promise, rendered even more sacrosanct through court decree, to provide financial benefit to My, the divorced wife, equal to the life insurance proceeds.
 
 The judgment of the district court is
 
 10
 AFFIRMED.*
 
 
 
 *
 Consideration of the briefs and record has been sufficient to enable us to reach the aforementioned conclusions without the benefit of oral argument