## METROPOLITAN LIFE INSURANCE COMPANY

v.

## Patricia BELL, Gloria B. Townsend–Clement, Kelly Townsend, and Adam Townsend.

### No. 5:95CV08.

United States District Court, E.D. Texas, Texarkana Division.

Nov. 14, 1995.

---

**64**

Lauren N. Pierce, Paul Ridley, Carolyn Ruth Konicek, and John M. Clement, Dallas, TX, for plaintiff.

Charles L. Attaway, Texarkana, TX, for defendant.

Kelly Townsend, Fair Oaks, CA, pro se.

### ORDER

FOLSOM, District Judge.

Before the Court are 1) Plaintiff Metropolitan Life Insurance Company's ("Metlife") Motion for Partial Summary Judgment, 2) Defendant Patricia Bell's Motion for Summary Judgment, and 3) Gloria Townsend–Clement, Kelly Townsend and Adam Townsend's ("the Townsends") Motion for Summary Judgment. After considering said motions and the responses thereto, the Court finds that Patricia Bell's motion and Metlife's motion are well taken.

### I. INTRODUCTION

■ This is an interpleader action filed by Metlife. All four of the defendants have filed claims to proceeds from a life insurance policy (the "policy") covering the deceased Harold O. Townsend. The policy is a Federal Group Life Insurance ("FEGLI") policy and is thereby covered by the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701 et seq. Metlife is the underwriter to the policy and is seeking to determine the proper beneficiary so that it can proceed to distribute the proceeds according to law.

It is undisputed that Patricia Bell is the sole designated beneficiary in the policy. Nonetheless, the Townsends claim entitlement to the proceeds due to several equitable considerations. Gloria Townsend–Clement is a former wife of Harold Townsend with the marriage having dissolved in early 1988. Harold Townsend died on December 25, 1992. On June 7, 1993, a California state court declared that the policy was overlooked as a community property asset during the divorce and ordered that Gloria Townsend–Clement receive one half of the policy proceeds. Kelly and Adam Townsend, the children of Harold Townsend and Gloria Townsend–Clement, also claim entitlement to at least part of the proceeds by virtue of California law providing for intestate succession. All parties have filed motions for summary judgment.

### II. DISCUSSION

Summary judgment is appropriate when the movant can demonstrate that the evidence, including pleadings, affidavits and other evidence available to the Court establishes that there are no genuine issues of material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R.Civ.P. 56(c).

The sole issue in this case is whether the Townsends are legally entitled to any of the proceeds even though Patricia Bell is the designated beneficiary. As FEGLIA sets out,

(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death *shall be paid,* on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

*First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office....* For this purpose, a designation, or cancellation of beneficiary in a will or other

document not so executed and filed has no force or effect. . . .

5 U.S.C. § 8705 (emphasis added). Reiterating and reinforcing part of the above-cited language, the Code of Federal Regulations declares that "[a] change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted." 5 C.F.R. § 870.902(e). Any such "change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this part, shall not have any force or effect." 5 C.F.R. § 870.902(b). The collective language of the United States Code and the Code of Federal Regulations dictates that Patricia Bell is unquestionably the "beneficiary." Further, the above language is unambiguous and offers no basis to apply it other than as it is written.

Notwithstanding, the Townsends argue that California law should control and that the proceeds should be paid to them or placed in a constructive trust for their benefit in accordance with California law. The question now becomes whether a direct payment and a constructive trust imposed under state law are preempted. FEGLIA includes an express preemption provision:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5 U.S.C. § 8709(d)(1). This certainly preempts any direct payment to anyone other than a listed beneficiary when a beneficiary is actually designated. *See* 5 U.S.C. 8705. However, there is an argument to be made that a constructive trust placed on the proceeds after a beneficiary receives them would not be inconsistent with this preemption provision. Notably, other federal courts have not interpreted FEGLIA in this manner. *See Metropolitan Life Ins. Co. v. Christ,* 979 F.2d 575 (7th Cir.1992); *O'Neal v. Gonzalez,* 839 F.2d 1437 (11th Cir.1988) (noting and

accepting that strict compliance can yield harsh results); *Metropolitan Life Ins. Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983).

The Court has examined and struggled with the Townsends' unfortunate position. Nonetheless, the Court feels compelled to follow precedent as established by other federal courts which have examined the issues in this case. In fact, delving into the equities of individual cases is precisely what the preemption language in FEGLIA, as interpreted, has been enacted to prevent. Consequently, the Court finds that a constructive trust as sought in this case is expressly preempted by FEGLIA.

### III. CONCLUSION

It is therefore

ORDERED, ADJUDGED AND DECREED that Plaintiff Metropolitan Life Insurance Company's Motion for Partial Summary Judgment is GRANTED. It is further

ORDERED that Defendant Patricia Bell's Motion for Summary Judgment is GRANTED. It is further

ORDERED that Defendants Gloria Townsend–Clement, Kelly Townsend and Adam Townsend's Motion for Summary Judgment is DENIED.