**METROPOLITAN LIFE INSURANCE COMPANY**

v.

**Patricia K. PEARSON, et al.**

**No. CIV. L–97–1091.**

United States District Court,
D. Maryland.

May 21, 1998.

James Frederick Bromley, Washington, DC, for plaintiff Metropolitan Life Ins. CO.

Marjorie A. O'Connell, Washington, DC, for defendant Patricia K. Pearson.

Gregory J. Swain, Washington, DC, for defendants Marion Saundra Pearson, Sabrina Pearson McClellan.

### MEMORANDUM

LEGG, District Judge.

This is an action for interpleader filed by the plaintiff, Metropolitan Life Insurance Company ("Metropolitan") to determine entitlement to the proceeds of a life insurance policy (the "Policy") issued by Metropolitan to the decedent, Robert W. Pearson ("Robert Sr."). The defendant, Patricia K. Pearson ("Patricia"), is the named beneficiary of the Policy. On May 9, 1997, the defendant, Sa-

brina Pearson McClellan ("Sabrina"), filed a Cross-claim against Patricia, claiming entitlement to the benefits of the Policy.[1] By Order dated July 8, 1997, the Court closed this case administratively pending the outcome of parallel proceedings in the Circuit Court for Dorchester County, Maryland. Patricia and Sabrina have each filed separate Motions to Reopen. In addition, Patricia has filed a Motion for Summary Judgment.[2]

For the reasons set forth below, the Court finds that (1) the conditions necessary for reopening these proceedings have been met; and (2) Patricia is entitled to the proceeds of the Policy as a matter of law. Accordingly the Court, by separate Order, shall GRANT the defendants' Motions to Reopen and GRANT IN PART AND DENY IN PART the Motion for Summary Judgment filed by the defendant, Patricia K. Pearson.[3]

### Background

Marion S. Pearson ("Marion") and Robert Sr. were married on March 9, 1957. They had two children, the defendants Sabrina and Robert Jr. Following twenty years of marriage, Marion and Robert Sr. separated and, on January 24, 1977, entered into a Separation, Custody and Property Settlement Agreement (the "Agreement"). The Agreement provided, *inter alia,* that Robert Sr. was to maintain such life insurance policies as were in effect at the time of the Agreement, and name Marion as the primary beneficiary and their children, Sabrina and Robert Jr., as the secondary beneficiaries of such policies.

The subject Policy in this case was issued by Metropolitan to Robert Sr. pursuant to the Federal Employees Group Life Insurance Act of 1954 ("FEGLIA"), 5 U.S.C. § 8701 *et seq.* The Policy was the only life insurance policy covering Robert Sr. at the time of the Agreement. After their divorce

on August 24, 1978, Robert Sr. named Marion as the primary beneficiary of the Policy on September 14, 1979. Robert Sr. did not, however, name either Sabrina or Robert Jr. as beneficiaries of the Policy. In 1989, Robert Sr. married Patricia, and on September 28, 1995, he substituted Patricia for Marion as the beneficiary of the Policy. Seven months later, Robert Sr. died.

Metropolitan commenced this action on April 14, 1997. By Order dated April 23, 1997, this Court permitted Metropolitan to deposit into the registry of the Court the sum of $52,000, representing the benefits payable under the Policy at the time of Robert Sr.'s death. By Order dated July 7, 1997, the Court stayed all proceedings in this action pending the outcome of parallel proceedings in the Circuit Court for Dorchester County, *In the Estate of Robert W. Pearson,* Case No. 8374. On January 30, 1998, that court, through the Honorable Donald F. Johnson, awarded Sabrina $26,000 against the estate of Robert Sr. based on the undisputed finding that Robert Sr. had breached the terms of the Agreement by failing to name his children as beneficiaries of the Policy.

### Discussion

#### a. Motions to Reopen

As a result of the January 30, 1998 judgment in parallel proceedings before the Circuit Court for Dorchester County, *In the Estate of Robert W. Pearson,* Case No. 8374, the reasons underlying this Court's administrative closure of this case no longer subsist. Accordingly, the Court shall grant the defendants' Motions to Reopen.

#### b. Summary Judgment

The Court may grant summary judgment when "the pleadings, depositions, answers to

---

1. The defendant, Robert W. Pearson, Jr. ("Robert, Jr."), has waived any rights he may have had against the Policy or against the estate of Robert W. Pearson. Similarly the defendant, Marion S. Pearson ("Marion"), does not claim any rights for herself in this action.

2. All issues have been fully briefed, and the Court finds that a hearing is not necessary. Local Rule 105.6.

3. Patricia's Motion for Summary Judgment requests an award of attorneys' fees from both Metropolitan and Sabrina. Patricia, however, advances no reasons to support such a request. Accordingly, the Court shall deny Patricia's Motion for Summary Judgment to the extent that it demands payment of attorneys' fees from any other party.

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The FEGLIA provides, in pertinent part, that

> "[t]he amount of group life insurance... in force on an employee at the date of his death shall be paid... First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office... For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect..." 5 U.S.C. § 8705(a).

In addition, federal regulations enacted under FEGLIA provide that "[a] change in beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary. This right cannot be waived or restricted." 5 C.F.R. § 843.205(e). Furthermore, any such "change or cancellation of beneficiary in a last will or testament, or in any other document not witnessed and filed as required by this part shall not have any force or effect." 5 C.F.R. § 843.205(b).

■ In keeping with these principles, "a federal employee insured under FEGLIA may designate any beneficiary he chooses, irrespective of any other state law obligations that otherwise bind the insured." *McDaniel v. McDaniel,* 911 F.2d 723, 1990 WL 116620 (4th Cir.)(unpublished disposition), *citing Dean v. Johnson,* 881 F.2d 948 (10th Cir.), *cert. denied* 493 U.S. 1011, 110 S.Ct. 574, 107 L.Ed.2d 569 (1989), *O'Neal v. Gonzalez,* 839 F.2d 1437 (11th Cir.1988), *Metropolitan Life Ins. Co. v. McShan,* 577 F.Supp. 165 (N.D.Cal.1983).

■ It is undisputed that Robert Sr. followed the appropriate procedures under FEGLIA when, on September 28, 1995, he designated Patricia as the beneficiary of the Policy. Consequently, Patricia is the properly named beneficiary of the Policy as a matter of law. Sabrina nevertheless contends that she is entitled to have a portion of the Policy's proceeds placed under a constructive trust in order to enable Sabrina to exercise the contractual rights against the estate of Robert Sr. conferred upon Sabrina under Maryland law by the Circuit Court for Dorchester County. The Court disagrees with this contention.

Sabrina's state law rights are preempted by federal law. The FEGLIA states, in pertinent part, that

> "[t]he provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions." 5 U.S.C. § 8709(d)(1).

The Agreement between Robert Sr. and Marion "relates to" group life insurance for purposes of this litigation because it "purport[s] to direct to whom the benefits of the FEGLIA policy are to be paid." *Metropolitan Life Ins. Co. v. Christ,* 979 F.2d 575, 579 (7th Cir.1992). Moreover,

> "[t]he language, structure, and legislative history of FEGLIA's order of precedence and beneficiary designation requirements lead to the conclusion that FEGLIA establishes an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or equities in a particular case. A state divorce decree requiring an insured to 'maintain' certain people as beneficiaries and the imposition of a constructive trust to enforce that decree inevitably conflict with this mandatory federal scheme. The constructive trust requires that proceeds be paid to someone other than the person to whom FEGLIA's order of precedence says [they] shall be paid. This, in turn, gives force and effect to a beneficiary designation not made according to FEGLIA's requirements and thus allows an extraneous document... to prevail over FEGLIA's order of precedence."

*Christ,* 979 at 578–79 (citations omitted).

Accordingly, federal law prevents the imposition of a constructive trust in this case, and the Court shall grant Patricia Pearson summary judgment as to Sabrina's Cross-claim.

## Conclusion

For the reasons stated, the Court, by separate Order, shall grant the defendants Motions to Reopen and GRANT IN PART AND DENY IN PART the Motion for Summary Judgment filed by the defendant, Patricia K. Pearson.