**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Sheila ARMSTRONG–LOFTON, Mark R. Lofton, Jr., Marydeane Lofton, Saundra E. Martin–Lofton, and Melanie Nicole Lofton, Defendants.**

**No. CV 97–7270 CAS (Ex).**

United States District Court,
C.D. California,
Western Division.

June 15, 1998.

Mark S. Rosen, Santa Ana, CA, for Shelia Armstrong–Lofton.

Michael F. Coley, Law Offices of Coley & Holt, Los Angeles, CA, for Marydeane Lofton.

Audrey G. Owens, Upland, CA, for Saundra E. Martin–Lofton and Melanie Nicole Lofton.

## ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

SNYDER, District Judge.

On review of the motion, the Court finds this matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7.11. The hearing date of June 15, 1998, is hereby vacated. After reviewing the materials submitted by the parties, the arguments of counsel, and the case file, the Court hereby grants plaintiff's Motion for Summary Judgment.

### I. *Introduction*

This action arises out of multiple claims for life insurance benefits under a Federal Employees' Group Life Insurance ("FEG-LI") policy issued by the plaintiff, Metropolitan Life Insurance Company ("MetLife") pursuant to the terms of the Federal Employees' Group Life Insurance Act ("FEG-LIA"), 5 U.S.C. § 8701 *et seq.* The insured, Mark R. Lofton ("insured"), named as beneficiaries of that policy his wife, Sheila D. Armstrong Lofton ("Sheila") and his son, Mark R. Lofton, Jr. ("Mark, Jr."). When the insured passed away, Marydeane Lofton ("Marydeane"), claiming to be the widow of the insured, Saundra E. Martin–Lofton ("Saundra"), the insured's ex-wife, and Melanie Nicole Lofton ("Melanie"), the insured's daughter, made claims for portions of the insured's FEGLI policy. MetLife brought this action for declaratory judgment, seeking a determination that Mark and Sheila, as the designated beneficiaries, are the proper persons to receive the FEGLI policy benefits.

### II. *Factual Background*

The insured and Marydeane Lofton were married in 1973. They had a son, Mark Romero Lofton, Jr. While Marydeane contends that the couple remained married and continued living together until the insured's death in 1996, the insured subsequently married Saundra E. Martin–Lofton. Saundra was married to insured from 1990 until they were divorced in 1993. They had a daughter, defendant Melanie Nicole Lofton. In 1996, insured married defendant Sheila Lofton.

Shortly after marrying Sheila, the insured died. The parties learned after insured's death that he never legally divorced his first wife, Marydeane. Sheila and the insured's son, Mark, Jr., are designated as the beneficiaries of decedent's FEGLI policy.

Marydeane now claims that because she was continuously married to the insured from 1973 until his death, she is entitled to the benefits of insured's FEGLI policy, as the premiums on the policy were paid from community funds. Saundra also claims an entitlement to the FEGLI proceeds based on California community property law. However, in the order dissolving the marriage of Saundra and the insured, the court found that there was no community property subject to disposition by the court. January 5, 1993 Judgment of Family Law Court, Case No. FL 90849. MetLife, Sheila, and Mark, Jr. argue that the proceeds should be disbursed pursuant to the insured's FEGLI Designation of Beneficiaries, naming Sheila as a 75% beneficiary and Mark, Jr. as a 25% beneficiary. Exhibit B to MetLife's Motion for Summary Judgment.

### III. Standard for Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The standard set forth in Rule 56(c) is met when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Abromson v. American Pacific Corp.*, 114 F.3d 898, 902 (9th Cir.1997). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it could affect

the outcome of the suit under the governing law. *Id.*

When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir.1997).

### IV. Analysis

■ Where state law conflicts with federal law, even in the area of domestic relations, federal law must prevail. *Ridgway v. Ridgway*, 454 U.S. 46, 54–55, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). The Federal Employees' Group Life Insurance Act provides, in pertinent part, that FEGLI policy benefits

*shall* be paid, on the establishment of a valid claim, to the person or persons surviving at the date of [employee's] death, in the following order of precedence:

First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office ...

Second, *if there is no designated beneficiary*, to the widow or widower of the employee.

5 U.S.C. § 8705(a) (emphasis added).

■ Any state law, including community property law, which provides for distribution of life insurance proceeds to anyone other than a designated beneficiary is in actual conflict with this provision of FEGLIA. In that situation, FEGLIA preempts the conflicting state law. 5 U.S.C. § 8709(d)(1) [1]; *Metropolitan Life Ins. Co. v. Sullivan*, 96 F.3d 18, 20 (2nd Cir.1996) (state law permitting change of beneficiary by a third party is preempted by FEGLIA provision requiring policyholder to sign any change of beneficiary); *Metropolitan Life Ins. Co. v. Christ*, 979

---

1. FEGLIA contains an express preemption provision, which provides:

The provisions of any contract under this chapter which relate to the nature of extent of coverage or benefits (including payments with

respect to benefits) shall supersede and preempt any law of any State ... which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

F.2d 575 (7th Cir.1992) (state divorce decree ordering policyholder to name children as beneficiaries is preempted by FEGLIA order of precedence provision); *Dean v. Johnson*, 881 F.2d 948 (10th Cir.1989) (state domestic relations court order prohibiting policyholder from changing his designated beneficiary to anyone other than his former wife is preempted by FEGLIA, so that policyholder's new beneficiary was entitled to FEGLIA benefits); *Metropolitan Life Ins. Co. v. Bell*, 924 F.Supp. 63 (E.D.Tex.1995) (constructive trust imposed pursuant to state community property law is preempted by FEGLIA); *Metropolitan Life Ins. Co. v. McShan*, 577 F.Supp. 165, (N.D.Cal.1983) (FEGLIA preempts state law, so that policyholder's named beneficiary, his second wife, was entitled to proceeds of the policy notwithstanding state court order requiring employee to maintain his children from his first marriage as beneficiaries).

To the extent California law gives Marydeane, Saundra, or Melanie an interest in the policy benefits, it conflicts with federal law and, therefore, is preempted by FEGLIA. Because no persons other than Sheila and Mark, Jr. have an interest in the policy benefits pursuant to FEGLIA, Sheila and Mark, Jr. are entitled to receive the FEGLI benefits in accordance with the insured's Designation of Beneficiary.[2]

### V. *Conclusion*

Because Marydeane, Saundra, and Melanie's state law claims to the benefits of the insured's FEGLI policy are preempted by federal law, Sheila Lofton and Mark Lofton, Jr. are the proper beneficiaries of the FEGLI policy. Accordingly, plaintiff MetLife's motion for summary judgment is granted. However, MetLife's motion for costs and attorneys' fees is denied.

IT IS SO ORDERED.

---

**2.** Even if Marydeane Lofton remained married to the insured at the time of his death, as she now claims, she was not his designated beneficiary and, therefore, is not entitled to receive the FEGLI benefits pursuant to the FEGLIA.