### METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

### Keith F. HOLLAND; et al., Defendants.

### No. CIV. 00–1230–JO.

United States District Court, D. Oregon.

March 16, 2001.

Robert Brian Miller, Bullivant Houser Bailey, Portland, OR, Attorney for Plaintiff.

Jennifer J. Peet, Bodyfelt Mount Stroup & Chamberlain, Portland, OR, Bruce J. Brothers, Martin M. Fisher, Brothers & Ash, Bend, OR, Attorneys for Defendants.

## AMENDED OPINION AND ORDER

ROBERT E. JONES, District Judge.

Plaintiff Metropolitan Life Insurance Company brings this action for declaratory judgment, seeking a declaration as to which of two defendants [1] is entitled to the proceeds of a life insurance policy. The amount at issue is $52,000; this court has federal question subject matter jurisdiction.

---

1. The complaint names three defendants. One defendant, Marie Smith, chose not to participate in the litigation and has been defaulted.

The two remaining defendants, Wanda Kiggins and Keith Holland, each seek summary judgment ( 15, 23). As explained below, Kiggins' motion is granted; Holland's motion is denied.

## FACTUAL BACKGROUND

Most of the relevant facts are not in dispute. The decedent, Frank Kiggins, was a U.S. Postal Service employee and was the insured under a life insurance policy purchased from plaintiff (the "FEGLI policy") pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"). On December 6, 1989, the decedent signed a Designation of Beneficiary form naming his son, defendant Keith Holland, as his sole beneficiary under the FEGLI policy.

On May 31, 1990, decedent and defendant Wanda Kiggins entered into a stipulated judgment of dissolution, terminating their marriage as of July 1, 1990. As pertinent to the present controversy, the stipulated judgment provided:

> [Decedent] is awarded the benefits to which he is entitled pursuant to his retirement plan with the United States Postal Service, subject to [Kiggins'] interest in said plan equal to the sum of $52,000.00 (to bear no interest), which share shall be payable to [Kiggins] as follows [payment plan set forth]. * * *
>
> [Decedent] shall maintain unencumbered a life insurance policy on his life in the amount of $42,000.00 and shall designate [Kiggins] as irrevocable beneficiary of said life insurance policy. [Decedent] shall have this obligation until such time as [Kiggins] has received full payment of her $52,000.00 interest in [decedent's] retirement plan as set forth above.

Affidavit of Jennifer Peet ("Peet Aff."), Exhibit 1, pp. 72–73.

In February 1990, decedent began making payments to Kiggins as required. Af-

ter some initial payments, the regular payments of $500 per month were made by the Office of Personnel Management ("OPM") directly to Kiggins. On April 26, 1991, decedent completed a Designation of Beneficiary, in which he named Kiggins as sole beneficiary.

In July 1998, decedent and his attorney suspected that Kiggins had been paid in full. On July 7, 1998, decedent's attorney, Beverly Richardson, wrote to Kiggins' attorney, Stephen Dixon, enclosing a satisfaction of judgment for Kiggins to sign. On July 13, 1998, Dixon wrote that he had forwarded the letter and the satisfaction of judgment to Kiggins. Kiggins evidently did not sign the satisfaction.

On October 1, 1998, Richardson wrote OPM, explaining that decedent had satisfied his obligation to Kiggins and asking that OPM stop making payments to her. Richardson also sent copies of her letter to the office of Court Orders and Benefits. On November 19, 1998, Richardson received a letter from a representative of OPM. As pertinent, the letter states:

> We have reviewed our records and determined that we are not able to honor your request to terminate the court awarded Federal retirement benefit payments to Mr. Kiggins' former spouse based on the information you submitted.
>
> *   *   *   *   *   *
>
> *Should you obtain a court order directing OPM to terminate payment to Ms. Kiggins, please submit a court certified copy, not a photocopy, to us at the above address. At that time we will comply with the terms of the court order accordingly.*

Peet Aff., Exhibit 1, p. 79 (emphasis added).

On December 8, 1998, decedent sent OPM an updated Designation of Beneficiary to replace an "obsolete" form, again

naming Kiggins as his sole beneficiary. In his letter to OPM, decedent explained that

> I do understand that you don't have to honor divorce decree court order, however, I agreed to the clause of my former wife as being the irrevocable beneficiary at the time of my divorce, and I intend to honor that. I wish this to remain in effect until such time, around October, 1999, at that time I may change designation.

Affidavit of Lawrence Gorman, Exhibit 1.

In March 1999, decedent filed a motion in state court to modify his divorce decree. In his affidavit in support of the motion, decedent explained that by his calculation, he had overpaid Kiggins by $3,000. Decedent sought a court order requiring OPM to terminate payments to Kiggins and requiring Kiggins to return the overpayments. *See* Peet Aff., Exhibit 1, pp. 1–4.

In April 1999, before the court took any action, decedent died.

## DISCUSSION

Both Holland and Kiggins move for summary judgment. In its response to the motions, plaintiff (Metropolitan Life) advocates for a declaration awarding the proceeds to Kiggins.

### 1. *Legal Framework*

■ The life insurance policy at issue is a FEGLI life insurance policy and is, therefore, governed by FEGLIA, 5 U.S.C. § 8701 *et seq.* Where state law conflicts with federal law, even in the area of domestic relations, state law must give way. *Metropolitan Life Insurance Company v. Armstrong–Lofton,* 19 F.Supp.2d 1134, 1135 (C.D.Cal.1998)(*citing Ridgway v. Ridgway,* 454 U.S. 46,

54–55, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981)). More specifically, FEGLIA occupies the field of federal group life insurance, and preempts conflicting state law with respect to "the nature or extent of coverage or benefits (including payments with respect to benefits)." 5 U.S.C. § 8709(d)(1); *see also Metropolitan Life Ins. Co. v. Christ,* 979 F.2d 575, 578–79 (7th Cir.1992). FEGLIA's order of precedence of beneficiaries is "written in mandatory, inflexible terms," and establishes "an inflexible rule that the beneficiary designated in accordance with the statute would receive the policy proceeds, regardless of other documents or the equities in a particular case." *Metropolitan Life Ins. Co. v. Christ,* 979 F.2d at 578–79 (internal quotations and citations omitted).[2]

Section 8705(a) of FEGLIA establishes the order of precedence and provides, in relevant part, as follows:

> (a) Except as provided in subsection (e), the amount of group life insurance * * * in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

> First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or, if insured because of receipt of annuity or of benefits [e.g., retired] * * * in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document

---

**2.** In July 1998, Congress amended FEGLIA to include Section 8705(e), which allows payment of benefits to be made, in certain cases, in accordance with provisions of state court orders. Consequently, case law before July 1998 is not completely on point in that "other documents" may indeed change the order of precedence, but only in specific, limited circumstances.

not so executed and filed has no force or effect.

\*     \*     \*     \*     \*     \*

(e)(1) *Any amount which would otherwise be paid to a person determined under the order of precedence named by subsection (a) shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce,* annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.

(2) For purposes of this subsection, a decree, order, or agreement referred to in paragraph (1) shall not be effective *unless it is received, before the date of the covered employee's death,* by the employing agency or, if the employee has separated from service, by the Office.

5 U.S.C. § 8705(a)(1), (e)(1) and (2)(emphasis added).[3]

Section 8705(e)(4) authorized OPM to prescribe regulations to carry out subsection (e), and pursuant to that authority, OPM adopted regulations governing the order of precedence and payment of benefits. *See* 5 C.F.R. § 870.801–.802. As pertinent, the regulations provide:

(a) Except as provided in paragraph (d) of this section, benefits are paid according to the order of precedence stated in 5 U.S.C. 8705(a), as follows:

(1) To the designated beneficiary (or beneficiaries);

\*     \*     \*     \*     \*     \*

(d)(1) If there is a court order in effect naming a specific person or persons to receive life insurance benefits upon the death of an insured individual, [benefits] will be paid to the person or persons named in the court order, instead of according to the order of precedence.

(2) To qualify a person for such payment, *a certified copy of the court order must be received by the appropriate office on or after July 22, 1998, and before the death of the insured.*

5 C.F.R. § 870.801(a)(1) and (d)(1) and (2)(emphasis added).

Section 870.802 governs the designation of beneficiaries and addresses the circumstance where a court order applies to only part of the insurance benefits:

(i)(1) Except as provided in paragraph (i)(2) of this section, if a court order has been received in accordance with § 870.801(d), an insured individual cannot designate a different beneficiary, unless

(i) The person(s) named in the court order gives written consent for the change, or

(ii) The court order is modified.

(2) If a court order has been received in accordance with § 870.801(d), and the court order applies to only part of the insurance benefits, an insured individual can designate a different beneficiary to receive the insurance benefits that are not included under the court order. If the insured individual does not make a designation for these benefits and there is no previous valid designation on file, benefits will be paid according to the order of precedence shown in § 870.801(a).

5 C.F.R § 870.802(i)(1) and (2).

### 2. *The Parties' Arguments*

■ In support of her motion, Kiggins argues that because the last Designation of Beneficiary decedent filed gives her "100 %" of the benefits, the statutory order of precedence controls and she is entitled to all of the proceeds. Plaintiff advocates Kiggins' position.

---

**3.** *See* footnote 2. Subsection (e) was added in 1998.

Holland, in turn, makes the following arguments in support of his motion for summary judgment:

a. Kiggins' claim to the FEGLI policy proceeds is based solely on the divorce decree and is contrary to decedent's wishes.

b. Decedent made only a partial designation of benefits, merely to secure his debt to Kiggins, and therefore the regulations set forth at 5 C.F.R. § 870.802 control. Holland's theory is that decedent designated Kiggins merely to comply with the divorce decree, and that the designation was effective only until decedent satisfied his obligation to her. According to Holland, once Kiggins was paid in full, the designation no longer had any force or effect.

c. The court should use its inherent equitable powers to prevent Kiggins' unjust enrichment by being paid twice. Here, Holland argues that he "seeks restitution in the form of a declaration that decedent's last designation of beneficiary form, naming defendant Kiggins as the beneficiary, was a legal nullity as of the time decedent satisfied his obligation." Memorandum in Support of Holland's Motion for Summary Judgment, p. 5.

■ Holland's first argument, that the court should consider decedent's intent, is foreclosed by the "inflexible, mandatory" language of the FEGLIA order of precedence, and FEGLIA's express preemption of conflicting state law.

■ Holland's second argument, that the effect of the divorce decree was to create a "partial designation" is interesting but not persuasive. First, as Kiggins points out, the Designation of Beneficiary gives 100 percent—not a mere share—of

the proceeds to her. Second, the only "court orders" received by OPM before the death of the insured (see 5 U.S.C. § 8705(e)(1) and 5 C.F.R. § 870.801(d)(2)) required decedent to name Kiggins as the irrevocable beneficiary of a life insurance policy[4] until his debt to her was paid, and also authorized OPM to make payments from decedent's monthly retirement benefits directly to Kiggins as "alternate payee." Peet Aff., Exhibit 1, pp. 76–80. As plaintiff points out, no one submitted to OPM any court order modifying or terminating those earlier orders before decedent died. Indeed, by the time of decedent's death, the state court had not yet ruled on his petition to modify the decree of dissolution. Consequently, I agree with both Kiggins and plaintiff that the statutory and regulatory requirements for an effective "partial designation" of beneficiary were not fulfilled in this case.

■ Finally, while the court is sympathetic to Holland's equitable argument, under FEGLIA, the equities are neither relevant nor determinative on the issue of who is entitled to FEGLI life insurance proceeds. Because the circumstances presented here do not fall under the "court order" exceptions to the statutory order of precedence, I have no choice but to conclude that Kiggins is entitled to the proceeds of the FEGLI policy.

## CONCLUSION

Defendant Wanda Kiggins' motion for summary judgment (# 15) is GRANTED and defendant Keith Holland's motion for summary judgment (# 23) is DENIED. Any other pending motions are denied as moot.

---

4. The decree of dissolution awards Kiggins $52,000 of decedent's federal retirement, but specifies that he must maintain a life insurance policy for her "in the amount of $42,000." See Peet Aff., Exhibit 1, p. 72. The parties do not address the significance of this discrepancy, if any, nor does Holland rely on it for his "partial designation" argument.

Plaintiff Metropolitan Life Insurance Company shall prepare and submit to the court, within 14 days, an appropriate form of Declaratory Judgment consistent with this opinion.